# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAINOLDO GOODING and NADEEN GOODING, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br>VITA-MIX CORPORATION, d.b.a. VITAMIX and KELLY SERVICES, INC.,<br><br>Defendants. | Case No. 16-cv-03898-OWD-JEM<br><br>**AMENDED [PROPOSED] FINAL JUDGMENT**<br><br>Judge: Hon. Otis D. Wright, II<br>Date: January 22, 2018<br>Time: 1:30 p.m.<br>Courtroom: 5D |

This matter came on for hearing on January 22, 2018, at 1:30 p.m., in the United States District Court for the Central District of California before the Honorable Otis D. Wright, II. Due and adequate notice having been given to the Classes (defined below), and the Court having considered all papers filed and proceedings held herein, all oral and written comments and any objections made regarding the proposed settlement, and having reviewed the record in the above captioned matter, and good cause appearing thereto,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of the above-captioned action (the "Action"), the Class Representatives Rainoldo Gooding and Nadeen Gooding ("Plaintiffs" or "Class Representatives"), Defendants Vita-Mix Corporation and Kelly Services, Inc. (together, "Defendants"), and all members of the following Classes:

**California Class**: All individuals who worked for Defendants in a Covered Position[1] in California at any time from June 3, 2012 through March 13, 2017.

**Non-California Rule 23 Class:** All individuals who worked for Defendants in a Covered Position in the states of Arkansas, Connecticut, Georgia, Hawaii, Idaho, Illinois, Kansas, Maryland, Massachusetts, Minnesota, Missouri, Montana, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Pennsylvania, Rhode Island, West Virginia, Wisconsin, and/or Wyoming, at any time from June 3, 2013 through March 13, 2017.

**FLSA Class**: All individuals who worked for Defendants in a Covered Position in the United States at any time from June 3, 2013 through March 13, 2017, and who are not members of either the California Class or the Non-California Rule 23 Class, and who affirmatively opted in to the Settlement.

---

[1] As defined in the Settlement Agreement, "Covered Position" means the job title of Vitamix Sales Representative or Demonstrator.

2. The terms "Settlement" or "Settlement Agreement" shall refer to the Settlement Agreement and Stipulation filed by Plaintiffs as Exhibit 1 to the Declaration of Paul K. Haines in Support of Preliminary Approval of Class Action Settlement, on May 30, 2017 (ECF No. 54-1), and all terms herein shall have the same meaning as the terms defined in the Settlement Agreement, unless specifically provided otherwise herein.

3. Final judgment in this matter is hereby entered in conformity with the Settlement and this Court's Order Granting Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees (ECF No. 75) (the "Final Approval Order").

4. The Court overrules the objection of Randall Pittman. As explained in the Final Approval Order, Mr. Pittman is not a member of any of the Classes, as he was never employed by Defendants in a "Covered Position," and therefore he does not have standing to object to the Settlement. Furthermore, Mr. Pittman's objection is overruled on the merits. Mr. Pittman objected because he claimed the payment to the California Labor and Workforce Development Agency ("LWDA") under the Settlement was not sufficient. But Mr. Pittman's objection is refuted by the fact that the LWDA is receiving a $50,000.00 sum under the Settlement, and that the LWDA, after being provided notice of the Settlement, has not objected to the Settlement. (*See* Settlement, ¶ 36; Decl. of Paul K. Haines in Support of Final Approval, ECF No. 66-1.) Accordingly, the Court overrules Mr. Pittman's objection.

5. Pursuant to the Settlement Agreement, and except as to any Rule 23 Class Members who opted out and any potential FLSA Class Members who did not opt-in, all of the Released California Claims, the Released Non-California Rule 23 Claims, and/or the Released FLSA Claims, as applicable, are dismissed with prejudice as to the Class Representatives and the members of the Classes, as applicable, as of the Effective Date as defined in the Settlement Agreement. The

Classes, the Class Representatives, and Defendants (collectively the "Settling Parties") are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement, the Final Approval Order, and this Judgment.

6. By this Judgment, the Class Representatives, California Class Members, and Non-California Rule 23 Class Members who have not validly and timely opted out of the Settlement, and all FLSA Members who have affirmatively opted-in (collectively the "Releasing Members"), shall release Defendants and the Releasees (as defined in the Settlement Agreement) from all Released California Claims, Released Non-California Rule 23 Claims, and Released FLSA Claims, as applicable (collectively, the "Released Claims"), pursuant to the terms of the Settlement Agreement, as of the Effective Date as defined in the Settlement Agreement.

7. The Action is dismissed on the merits and with prejudice, permanently barring the Releasing Members from prosecuting any of the Released Claims as of the Effective Date as defined in the Settlement Agreement. The Court reserves and retains exclusive and continuing jurisdiction over the Action, the Class Representatives, the Classes, and Defendants for the purposes of supervising the implementation, effectuation, enforcement, construction, administration, and interpretation of the Settlement Agreement and this Judgment.

8. The Court hereby approves the payment from the Maximum Settlement Amount of settlement administration costs in the amount of $20,000.00 to CPT Group, Inc., the Settlement Administrator, for services rendered in this matter. The Court also approves payment from the Maximum Settlement Amount of Service Awards to the Class Representatives in the amounts of $5,000.00 each, to reimburse the Class Representatives for their valuable services in initiating and maintaining this litigation and the benefits conferred onto the Classes as a result of the Action. As explained in the Final Approval Order, the Court finds that these payments are fair and reasonable. The Settlement Administrator is directed to

make the foregoing payments in accordance with the terms of the Settlement Agreement.

9. The Court hereby approves a payment from the Maximum Settlement Amount of $50,000.00 to the California Labor & Workforce Development Agency for its share of penalties under the Labor Code Private Attorneys General Act, pursuant to Cal. Labor Code § 2699(i), in accordance with the terms of the Settlement Agreement. The Settlement Administrator is directed to make this payment in accordance with the terms of the Settlement Agreement.

10. The Court hereby awards to Class Counsel (Haines Law Group, APC and Kilgore & Kilgore, PLLC) the amount of $400,000.00 for attorney's fees, and the amount of $12,357.75 (including $6,554.75 to Haines Law Group, APC and $5,803.00 to Kilgore & Kilgore PLLC) for costs. As explained in the Final Approval Order, the Court finds that the requested attorneys' fees, which amount to 25% of the Maximum Settlement Amount, are reasonable under the percentage-of-the-recovery method, with a lodestar "cross-check." The Settlement Administrator is ordered to make these payments to Class Counsel in accordance with the terms of the Settlement Agreement.

11. Final judgment is hereby entered pursuant to Rule 23(c)(3) of the Federal Rules of Civil Procedure and pursuant to 29 U.S.C. § 216(b). This document shall constitute a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: __February 1__, 2018    _____
The Honorable Otis D. Wright, II
United States District Judge